UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

                    Plaintiff,

    v.

MARCO RUBIO,

                    Defendants.

Case No. 2:26-cv-00408-JHC-TLF

REPORT AND RECOMMENDATION

Noted for   March 27, 2026

Plaintiff John Demos, Jr., a state prisoner, has filed an application for leave to proceed in forma pauperis ("IFP") and a proposed complaint. Dkt. 1. Plaintiff has also filed a "proposed motion to correct clerical error." Dkt. 2. As discussed below, the Court recommends that the proposed complaint should be dismissed, the IFP application should be denied and the "proposed motion to correct clerical error" (Dkt. 2) should be denied as moot.

<u>DISCUSSION</u>

Plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). Plaintiff is permitted to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269- CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos*

REPORT AND RECOMMENDATION - 1

(W.D. Wash. Dec. 15, 1982). Furthermore under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff's submission does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Ruiz v. Woodfill*, No. 2:20CV2078TLNDBP, 2020 WL 7054389, at *2 (E.D. Cal. Dec. 2, 2020), *report and recommendation adopted*, No. 2:20-CV-02078-TLN-DB, 2021 WL 148385 (E.D. Cal. Jan. 15, 2021); *Andrews*, 493 F.3d at 1057 n. 11.

To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, plaintiff names United States Secretary of State Marco Rubio as the defendant, alleges he is "the realtor" in this "False Claims Act Complaint and Quitam Action", and alleges "price gouging, collusion, racketeering, unjust enrichment, deceptive and unfair trade practices, monopolizing, corruption, unlawful gains, chicanery, fraud, and manipulation." Dkt. 1. Plaintiff alleges that defendant's actions

REPORT AND RECOMMENDATION - 2

have "led to the State of Washington's financial collapse, insolvency, and displacement." *Id.*

Plaintiff alleges he became aware of the fraudulent acts through "letters, federal memos, classified documents, confidential documents, for your eyes only, investigative files, and public disclosure documents that were sent to the realtor by 'mistake.'" *Id.* He indicates that he subsequently returned the documents to the "correct owners." *Id.*

Plaintiff makes no allegations establishing he was in imminent danger of serious physical injury at the time he filed his complaint and thus his IFP application should be denied.

And, even if the filing fee is paid, the action is subject to dismissal. Pursuant to 28 U.S.C. § 1915A, the Court is required to review prisoner complaints which "seek[ ] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted," or "seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011).

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

REPORT AND RECOMMENDATION - 3

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]' " *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"*Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

"The False Claims Act makes liable anyone who 'knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval,' or 'knowingly makes, uses, or causes to be made or used, a false record or statement material to a

REPORT AND RECOMMENDATION - 4

false or fraudulent claim.' " *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898–99 (9th Cir. 2017) (quoting 31 U.S.C. § 3729(a)(1)(A), (B))

Here, plaintiff's allegations of "fraud" and "corruption" are generalized and conclusory. He fails to provide any specific, plausible facts concerning the named defendant's acts or omissions and any connection to an identifiable violation of the law. As such, plaintiff's complaint fails to state a claim upon which relief can be granted and is subject to dismissal.

Plaintiff has also filed a "proposed motion to correct clerical error" in which he challenges the clerk's captioning of his complaint and asserts that he is seeking to bring a claim under the False Claims Act. Dkt. 2. Because the Court recommends denying the IFP application and dismissing the complaint, the Court should deny this motion (Dkt. 2) as moot.

//

CONCLUSION

For the foregoing reasons, this Court recommends that plaintiff's proposed IFP application (Dkt. 1) be DENIED and this action be DISMISSED without prejudice. Plaintiff's "proposed motion to correct clerical error" (Dkt. 2) should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

REPORT AND RECOMMENDATION - 5

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **March 27, 2026**, as noted in the caption.

Dated this 12th day of March, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6